Alan Van Praag
Edward W. Floyd
Rita D. Turner *(pro hac application to be filed)*
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-5902
Tel: (212) 779-9910
Fax: (212) 779-9928
avanpraag@evw.com
efloyd@evw.com
rturner@evw.com
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BAGADIYA BROTHERS PVT LIMITED,

Petitioner,

-against-

CHURCHGATE NIGERIA LIMITED,

Respondent.
----------------------------------------------------------------X

14 Civ. 5656 (ER)(DF)

ECF CASE

**PETITION FOR CONFIRMATION OF FOREIGN ARBITRAL AWARDS**

Petitioner Bagadiya Brothers PVT Limited ("Petitioner" or "BBPL"), by its attorneys, Eaton & Van Winkle LLP, states as follows:

**NATURE OF PROCEEDING**

1. BBPL brings this summary proceeding under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral (the "Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et. seq*, to confirm four final arbitration awards (collectively, "Final Awards") issued by an arbitration tribunal (the "Tribunal") in Bagadiya's favor against respondent Churchgate Nigeria Limited ("Respondent" or "CNL").

2. A Declaration of Edward W. Floyd, Esq. and accompanying exhibit is concurrently being filed with this Petition, which are fully incorporated herein. For the reasons

set forth below and in the Declaration of Edward W. Floyd, BBPL hereby moves, pursuant to 9 U.S.C. § 207, for an order confirming the Final Awards.

## PARTIES

3. BBPL is a business entity organized and existing under the laws of India with a place of business located at Bagadiya Mansion, Jawahar Nagar, Raipur, India.

4. CNL is a business entity organized and existing under the laws of Nigeria with a place of business located at Churchgate Tower, Plot PC.30, Afribank Street, Victoria Island, Lagos, Nigeria.

5. This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203.

## FACTUAL BACKGROUND

### A. Claims and Arbitral Awards Relating to Contract # 1030

6. By a contract numbered 1030 dated October 14, 2006 ("Contract # 1030"), BBPL agreed to sell and CNL agreed to buy, 12,500 metric tons plus or minus 10% at CNL's option of Indian parboiled rice, FOB stowed and trimmed Kakinada, India for delivery by December 31, 2006, subsequently extended by 60 days to March 1, 2007. A duly certified copy of Contract # 1030 between BBPL and CNL, which contains an arbitration agreement, is annexed to Exhibit 1 of the Floyd Declaration as Exhibit A to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit A.

7. Petitioner certifies that the document annexed to Exhibit 1 of the Floyd Declaration as Exhibit A to the Mukhi Declaration and annexed hereto as Exhibit A is a true and correct duly certified copy of Contract # 1030.

8. Contract # 1030 was entered into by CNL through the agency of Platinum Export Pvt Ltd., a company incorporated in India, which is also engaged in the rice trade.

9. Pursuant to Clause 8 of Contract # 1030, CNL was obligated to open a letter of credit upon receipt of confirmation from the Inspection Agents that 50% of the approved cargo had been received at the loadport and to nominate a vessel in time to present at Kakinada, not later than 60 days after the expiration of the original shipment period on December 31, 2006.

10. CNL neither procured the opening of a letter of credit nor nominated a carrying ship to lift the cargo in breach of Contract # 1030.

11. Consequently, disputes arose between BBPL and CNL regarding CNL's failure to perform as required under Contract # 1030.

12. Clause 17 of Contract # 1030 provides that all disputes arising out of or in connection this Agreement (including the question regarding its existence, validity or termination) shall be referred to and finally settled by arbitration in London, United Kingdom in accordance with the Rules of the London Court of International Arbitration. See Exhibit A of the Mukhi Declaration, Clause 17.

13. Pursuant to the terms of Contract # 1030, BBPL initiated arbitration proceedings on its claims against CNL in London.

14. On July 25, 2011, an arbitral award was issued in favor of BBPL and against CNL. A duly certified copy of the original arbitral award issued in relation to Contract # 1030 (hereinafter "July 25th Award – 1030") and the Reasons therefore are annexed to Exhibit 1 of the Floyd Declaration as Exhibit C to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit C.

15. Petitioner certifies that the document annexed to the accompanying Mukhi

Declaration and to this Petition as Exhibit C is a true and correct duly certified copy of the original July 25th Award and the Reasons therefore.

16. The July 25th Award – 1030 directs that CNL must pay to Petitioner 24,708,319 INR ($410,158.10 USD)[1] by way of damages, together with simple interest thereon, running from June 1, 2007 until the date of compliance with the award, at the rate of 8.5% per annum.

17. The July 25th Award – 1030 further provides at paragraph (5) that CNL shall bear all reasonable and properly incurred legal and other costs of the claimant BBPL, to be determined by the Panel if not agreed between the parties.

18. The July 25th Award – 1030 further directs that the costs of the arbitration (other than legal or other costs incurred by the parties themselves) shall be borne by CNL, of which BBPL has paid £9,212.58 GBP ($15,713.90 USD).[2]

19. Upon application by BBPL, a further arbitral award was issued on September 30, 2011 to correct the computation of interest set forth in the July 25th Award - 1030.

20. This second arbitral award dated September 30, 2011 ("September 30th Award – 1030") amends the July 25th Award - 1030 and provides that the interest to be paid by CNL to BBPL as of July 25, 2011 was 8,717,298.03 INR ($144,707.15 USD). A duly certified copy of the original arbitral award dated September 30, 2011 is annexed to Exhibit 1 of the Floyd Declaration as Exhibit E to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit E.

21. Petitioner certifies that the document annexed as Exhibit E to the Mukhi

[1] Award amounts in Indian Rupees (IND) have been converted to dollar amounts at the listed exchange rate on www.bloomberg.com on July 22, 2014.

[2] Award amounts in British Pounds (GBP) have been converted to dollar amounts at the listed exchange rate on www.bloomberg.com on July 22, 2014.

Declaration and this Petition is a true and correct duly certified copy of the original September 30th Award - 1030 rendered in favor of BBPL and against CNL.

**B. The Claims and Arbitral Awards Relating to Contract # 1035**.

22. By a contract numbered 1035 dated January 27, 2007 ("Contract # 1035"), BBPL agreed to sell and CNL agreed to buy, 10,000 metric tons plus or minus 10% at CNL's option of Indian parboiled rice, FOB stowed and trimmed Kakinada, India for delivery by March 31, 2007. It was subsequently agreed by the parties that the quantity would be 5,000 mt instead of 10,000 mt. A duly certified copy of Contract # 1035, which contains an arbitration agreement, is annexed to Exhibit 1 of the Floyd Declaration as Exhibit B to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit B.

23. Petitioner certifies that the document annexed to the accompanying Mukhi Declaration and this Petition as Exhibit B is a true and correct duly certified copy of the original Contract # 1035.

24. Contract # 1035 was entered into by CNL through the agency of Platinum Export Pvt Ltd., a company incorporated in India, which is also engaged in the rice trade.

25. Pursuant to the terms of the contract, CNL obligated to open a letter of credit upon receipt of confirmation from the Inspection Agents that 50% of the approved cargo had been received at the loadport and to nominate a vessel to carry the cargo of rice from the port of Kakinada, India by March 31, 2007.

26. CNL neither procured the opening of a letter of credit nor nominated a carrying ship to lift the cargo in breach of Contract # 1035.

27. Consequently, disputes arose between the BBPL and CNL regarding CNL's failure to perform as required under Contract # 1035.

28. Clause 17 of Contract # 1035 provides that all disputes arising out of or in connection this Agreement (including the question regarding its existence, validity or termination) shall be referred to and finally settled by arbitration in London, United Kingdom in accordance with the Rules of the London Court of International Arbitration. See Exhibit B of the Mukhi Declaration, Clause 17.

29. Pursuant to the terms of Contract # 1035, BBPL initiated arbitration proceedings on its claims against CNL in London.

30. On July 25, 2011, an award was issued in favor of BBPL and against CNL. A duly certified copy of the original arbitral award issued in BBPL's favor and against CNL on July 25, 2011 in relation to Contract # 1035 (hereinafter "July 25th Award – 1035") is annexed to Exhibit 1 of the Floyd Declaration as Exhibit D to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit D.

31. Petitioner certifies that the document annexed to the accompanying Mukhi Declaration and this Petition as Exhibit D is a true and correct duly certified copy of the original July 25th Award – 1035 rendered in favor of BBPL and against CNL.

32. The July 25th Award – 1035 provides that CNL shall pay to BBPL 8,880,561 INR ($147,417.31 USD) by way of damages, together with simple interest thereon, running from July 1, 2007 until the date of compliance with the award, at the rate of 8.5% per annum.

33. The July 25th Award – 1035 further provides at paragraph (5) that CNL shall bear all reasonable and properly incurred legal and other costs of the claimant BBPL, to be determined by the Panel if not agreed between the parties.

34. The July 25th Award – 1035 further provides that the costs of the arbitration (other than legal or other costs incurred by the parties themselves) are to be borne by CNL, of

which BBPL has paid £9,212.58 GBP ($15,713.90 USD).

35. Upon application by BBPL, a further arbitral award was issued on September 30, 2011 to correct the computation of interest set forth in the July 25th Award - 1035.

36. This second arbitral award dated September 30, 2011 ("September 30th Award – 1035") amends the July 25th Award - 1035 and provides that the interest to be paid by CNL to BBPL as of July 25, 2011 was 3,071,092.03 INR ($50,980.13 USD). A duly certified copy of the original arbitral award dated September 30, 2011 is annexed to Exhibit 1 of the Floyd Declaration as Exhibit F to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit F.

37. Petitioner certifies that the document annexed as Exhibit F to the Mukhi Declaration and this Petition is a true and correct duly certified copy of the original September 30th Award - 1035 rendered in favor of BBPL and against CNL

**C. Total Damages, Interests and Costs on All Arbitral Awards Relating to Contract # 1030 and Contract # 1035**.

38. The references on Contract # 1030 and Contract # 1035 were consolidated and submissions were made to the Tribunal on the Claimants' costs in respect of both references. A Final Award on Costs was published on June 2, 2012 ("Final Award on Costs"), being an award on consolidated references with respect to both Contract # 1030 and Contract # 1035. A duly certified copy of the original Final Award on Costs dated June 2, 2012 is annexed to Exhibit 1 of the Floyd Declaration as Exhibit G to the Mukhi Declaration. A duly certified copy of is also annexed to the body of this petition as Exhibit G.

39. Petitioner certifies that the document annexed to the accompanying Mukhi Declaration and this Petition as Exhibit G are true and correct duly certified copies of the original

June 2, 2012 Award on Costs and the Reasons therefore.

40. The Final Award on Costs awarded BBPL £77,961.60 GBP ($132,979.10 USD) as costs against CNL plus interest at 3.5% per annum from April 3, 2012 plus £2017.31 GBP ($3,440.93 USD) as costs of the assessment.

41. In summary of the foregoing allegations, the following awards have been issued by the Tribunal in favor of BBPL and against CNL:

| | **Award Amount** | **Interest**[3] | **Arbitration Costs** | **Total** |
|---|---|---|---|---|
| Contract # 1030 | 24,708,319 INR = 410,158.10 USD | 15,214,834 INR = 252,566.24 USD | 9,212.58 GBP = 15,713.90 USD | $ 678,438.24 USD |
| Contract # 1035 | 8,880,561 INR = 147,417.31 USD | 4,918,593 INR = 81,648.64 USD | 9,212.58 GBP = 15,713.90 USD | $244,779.85 USD |
| Arbitration Costs Award | 77,961.60 GBP = 132,979.10 USD | 6,366.86 GBP = 10,859.95 USD | 2,017.31 GBP = 3,440.93 USD | $147,279.98 USD |
| **TOTAL** | | | | **$1,070,498.07 USD** |

42. The above table shows interest on all awards through and including July 22, 2014, which amount continues to accrue. The conversion rate used equals the conversion rate as of July 22, 2014, is as follows: 1 INR = .0166 USD; 1 GBP = 1.7057 USD.

**<u>CLAIM FOR RELIEF</u>**
**(Confirmation of Final Awards Pursuant to 9 U.S.C. § 201 *et seq.*)**

[3] In accordance with the arbitral awards, interest is calculated at 8.5% per annum for damages and 3.5% per annum for costs calculated through July 22, 2014, which continues to accrue.

43. BBPL repeats and realleges the allegations in Paragraphs 1 through 42 as if set forth fully herein.

44. The Contracts #1030 and #1035 are both an "agreement in writing" within the meaning of Article II (2) of the Convention.

45. The Final Awards arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

46. The Final Awards were made in the United Kingdom, a nation that is a signatory to the Convention, and which is a state other than the state where recognition and enforcement is sought in the Petition.

47. India, Nigeria, and the United States are each signatories to the Convention.

48. None of the grounds for refusal or deferral of the Final Awards set forth Article V of the Convention apply.

49. Accordingly, the Final Awards must be confirmed pursuant to the Convention and 9 U.S.C. § 207.

**RELIEF REQUESTED**

WHEREFORE, Petitioner prays that:

(a) The Court enter an order, pursuant to 9 U.S.C. § 207, confirming the Final Awards against Respondent;

(b) On the basis of the Final Awards, the Court enter judgment that Respondent is liable to Petitioner in the amount of

(i) $410,158.10 for the award amount on Contract # 1030;

(ii) interest of 8.5% for the award amount on Contract # 1030, which should amount to no less than $252,566.24;

(iii) $147,417.31 for the award amount on Contract # 1035;

(iv) interest of 8.5% for the award amount on Contract # 1035, which should amount to no less than $81,648.64;

(v) $132,979.10 for the Final Award on Costs;

(vi) interest of 3.5% for the Final Award on Costs, which should amount to no less than $10,859.95; and

(vii) $34,868.73 for costs and fees incurred in the arbitration;

(c) BBPL be granted the costs and fees incurred in connection with this proceeding; and

(d) BBPL be awarded such other and further relief as may be proper.

Dated: New York, New York
July 24, 2014

EATON & VAN WINKLE LLP

By: s/ Edward W. Floyd
Alan Van Praag
Edward W. Floyd
Rita D. Turner*(pro hac application to be filed)*
3 Park Avenue
New York, NY 10016
212-779-9910
*Attorneys for Petitioner*