UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAGADIYA BROTHERS PVT LIMITED,

Petitioner,

– against –

CHURCHGATE NIGERIA LIMITED,

Respondent.

**OPINION AND ORDER**

14 Civ. 5656 (ER)

Ramos, D.J.:

Bagadiya Brothers PVT Limited ("BBPL" or "Petitioner") brings this petition to confirm and enforce an arbitration award pursuant to the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et. seq.* Doc. 1 at 1. To date, Churchgate Nigeria Limited ("Respondent" or "CNL") has failed to file a response or otherwise take any action since the filing of the instant petition. Before the Court is BBPL's unopposed motion for summary judgment to confirm the arbitrator's award. Doc. 17. For the reasons set forth below, Petitioner's motion is GRANTED.

**I.  BACKGROUND**

BBPL is a company organized under the laws of India and CNL is a company organized under the laws of Nigeria. Rule 56.1 Statement ("56.1") ¶¶ 1-2. The companies made two contracts ("Contract 1030" and "Contract 1035") for BBPL to sell to CNL Indian parboiled rice. 56.1 at ¶¶ 4, 8; Pet. Mem. (Doc. 19) Ex A, B. Both contracts contained an arbitration clause requiring the parties to arbitrate any disputes relating to the agreement in London, United

Kingdom in accordance with the rules of the London Court of International Arbtiration. 56.1 at ¶¶ 7, 11; Pet. Mem. Ex A, B. A dispute arose between the parties regarding CNL's performance of its duty to open a letter of credit and nominate a vessel to carry the cargo of rice pursuant to the terms of the contract. 56.1 at ¶¶ 5, 6, 9, 10; Pet. Mem. Ex. C, D. BBPL commenced a consolidated arbitration proceeding against CNL in London for breach of both contracts. 56.1 at ¶ 12; Pet. Mem. Ex. C, D. Both parties consented to the appointment of Sir Anthony Colman as sole arbitrator and participated in the arbitration proceedings. Pet. Mem. Ex C, D. On July 25, 2011, the arbitrator issued awards in favor of BBPL on both contracts. Specically, on Contact 1030, he found in favor of BBPL for 24,708,319 Indian rupees (INR). On Contract 1035, he found in favor of BBPL for 8,880,561 INR. Both awards further grant interest, running from June 1, 2007 until the date of compliance with the award, at a rate of 8.5 percent per annum, and further direct that BBPL's arbitration costs, amounting to 9,212.58 pound sterling (GBP) for each contract, be borne by CNL. 56.1 at ¶¶ 14, 18; Pet. Mem. Ex. C, D.

On June 2, 2012, the arbitrator issued a Final Award on Costs for both contracts, awarding BBPL 77,961.60 GBP, plus interest, running from April 3, 2012 until the date of compliance with the award, at a rate of 3.5 percent interest per annum, and 2017.31 GBP for the cost of the assessment. 56.1 at ¶ 21; Pet. Mem. Ex. G. CNL has failed to pay any of the amounts due under the arbitral awards. 56.1 at ¶ 22. On July 24, 2014, BBPL filed the instant peititon with the Court for confirmation of the arbitral awards. Doc. 1. BBPL properly served CNL with legal process, but CNL has failed to answer the petition or otherwise move or appear in this proceeding. Pet. Mem. at 7; Doc. 21 Ex. 1-3. BBPL now moves, unopposed, for summary judgment. Doc. 17.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### B. Confirmation of an Arbitral Award Standard

On an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains . . . . If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)) (citations omitted) (emphasis in original). Nonetheless, in the context of a petition to confirm an arbitration award, the moving party's burden is not an onerous one. *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. New Age Sports LLC*, 2018 U.S. Dist. LEXIS 4768, at *4 (S.D.N.Y. 2018); *see also Local 2006, Retail Wholesale & Dep't Store Union, United Food & Commer. Workers v. Nonsense Inc.*, 2018 U.S. Dist. LEXIS 4767, at *4 (S.D.N.Y. 2018). Confirmation of an arbitral award is generally a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair,* 462 F.3d at 110 (citing *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)). The court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (noting that it is "well established that courts must grant an arbitration panel's decision great deference"). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," "arbitration awards are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)

4

(internal punctuation and quotation marks omitted) (quoting *Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111 (2d Cir. 1993)). It is not necessary that the arbitrator explain the rationale for the award; the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

## III. DISCUSSION

### A. Confirmation of the Awards

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration awards. The arbitrator was acting within the scope of his authority, as granted to him by the contracts. Pet. Mem. Ex A, B. Both contracts provide that that "[all] disputes arising out of or in connection with this Agreement . . . shall be referred to and finally settled by arbitration in London, United Kingdom and in accordance with the Rules of the London Court of International Arbitration . . ." Pet. Mem. Ex A, B. Both parties consented to the appointment of Sir Anthony Colman as sole arbitrator and participated in the arbitration proceedings. Pet. Mem. Ex C, D. The arbitrator found that the obligations to open letters of credit and to nominate a vessel were conditions of the parties' contract and that CNL breached both obligations. *Id*. The arbitrator considered CNL's defense that the contracts were frustrated and rejected this argument because CNL failed to adduce evidence demonstrating that performance of the contracts had been rendered impossible. *Id.* The arbitrator also considered CNL's argument that BBPL repudiated the contract and waived its entitlement to claim damages

5

relating to CNL's failure to perform according to the terms of the contract, but found that silence or inactivity on the part of BBPL did not amount to such a waiver. *Id*. The arbitrator also rejected BBPL's claim of misreprenstation. In determining damages, the arbitrator relied on the actual resale price of the particular rice that BBPL was selling as the method of determining market price, as provided for by section 50(3) of the United Kingdom's Sale of Goods Act 1979. *Id*.

Regarding legal costs and the costs of arbitration, the arbitrator found clause 17(ii) of both contracts – which provided that "all costs of arbitration . . . shall always be borne by the parties incurring such costs" – to be void under section 61(2) of the United Kingdom's Arbitration Act 1996. *Id*. Thus, the tribunal acted within its proper discretion in directing CNL to bear BBPL's legal costs and arbitration costs. The awards require CNL to pay simple interest on the contracts at a rate of 8.5 percent per annum, and interest on Costs at a rate of 3.5 percent per annum.

There is no indication that the arbitrator's decision was made capriciously, exceeded the arbitrator's jurisdiction under the contracts, or was contrary to law. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, 2012 WL 3744802, at *3 (S.D.N.Y. 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."). Nor is there any evidence that the award was procured by fraud, that the arbitrator was biased, that he was guilty of any misconduct, or that he exceeded his powers. *See* 9 U.S.C. §§ 10(a)(1)-(4) (enumerating grounds for vacating arbitral award). The Court finds that based on the record provided, together with the appropriate narrow level of review, there is at least "a barely colorable justification for the outcome reached."

*Landy*, 954 F.2d at 797. Accordingly, the Court confirms the awards. The Court also finds that payment of interest, as specified in the arbitral awards, is appropriate.

### B. Attorney's Fees and Costs

BBPL also seeks an award of attorney's fees and costs for the instant motion to confirm. Doc. 1 at 10. The Court finds that the award of attorney's fees in connection with this motion is merited. "[C]ourts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. 2008)) (collecting cases)). CNL did not abide by the arbitration award and failed to participate in this action. The Court therefore grants BBPL's request for attorney's fees and expenses, and sets forth a schedule below to determine the appropriate award.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion for summary judgment to confirm the arbitration award is GRANTED. The arbitration award is confirmed and the Clerk of the Court is directed to enter judgment in favor of BBPL and against CNL in the amount of:

1. 24,708,319 INR with simple interest thereon, running from June 1, 2007 until the date of compliance, at a rate of 8.5 percent per annum, pursuant to the July 25, 2011 arbitration award for Contract 1030; and

2. 9,212.58 GBP for arbitration costs pursuant to the July 25, 2011 arbitration award for Contract 1030; and

3. 8,880,561 INR with simple interest thereon, running from June 1, 2007 until the date of compliance, at a rate of 8.5 percent per annum, pursuant to the July 25, 2011 arbitration award for Contract 1035; and

4. 9,212.58 GBP for arbitration costs pursuant to the July 25, 2011 arbitration award for Contract 1035; and

5. 77,961.60 GBP with simple interest thereon, running from April 3, 2012 until the date of compliance, at a rate of 3.5 percent interest per annum, and 2017.31 GBP for the cost of the assessment, pursuant to the June 2, 2012 Final Award on Costs; and

6. Attorney's fees and costs for the instant action as set forth in the schedule below.

Petitioner is ordered to submit a supplemental statement on attorney's fees no later than **December 14, 2018** providing evidence regarding reasonable attorney's fees and expenses. Respondent will be given the opportunity to file a brief objecting to the amount of any such award by **December 28, 2018**, and Petitioner's reply will be due **January 11, 2019**. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 17.

It is SO ORDERED.

Dated: November 26, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.